1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8              FOR THE EASTERN DISTRICT OF CALIFORNIA

9

ZAKIYA VAUGHN, as an
10  individual and Guardian Ad
Litem for JAMONTE VAUGHN,
11  JAMARCO VAUGHN and JALEN
VAUGHN, minors and real
12  parties in interest,

13                                      NO. CIV. S-07-1119 LKK/KJM
            Plaintiffs,
14
      v.
15                                      O R D E R
UNITED STATES GOVERNMENT (FBI);
16  SACRAMENTO COUNTY SHERIFF;
SACRAMENTO CITY POLICE;
17  RICHMOND CITY POLICE; ALAMEDA
COUNTY SHERIFF,
18
            Defendants.
19  _____/

20       Pending before the court is a motion to dismiss and motion to

21  strike  filed  by  defendant  City  of  Richmond  (identified  in  this

22  action  as  "Richmond  City  Police")[1].  For  the  reasons  described

23  _____

24       [1]In  a  cause  of  action  under  42  U.S.C.  section  1983,  a
municipality is a proper defendant, but a department or subdivision
25  of the municipality is not. See, e.g., United States v. Kama, 394
F.3d 1236, 1239-40 (Ferguson, J., concurring); Vance v. County of
26  Santa Clara, 928 F. Supp. 993, 996 (N.D. Cal. 1996).

1  herein, the court grants the motion to dismiss in part and denies
2  it in part. The court denies the motion to strike.

3  ### I. ALLEGATIONS OF THE COMPLAINT

4  The plaintiff's complaint alleges that agents of the defendant
5  law enforcement agencies used excessive force when entering the
6  home where the plaintiff's minor children were located. The
7  complaint alleges that the defendant's acts were racially
8  motivated, in violation of the Fourteenth and Fifteenth Amendments
9  and 42 U.S.C section 1983[2]. According to the complaint, agents of
10 the defendant law enforcement agencies entered the plaintiff's home
11 searching for the husband of plaintiff Zakiya Vaughn. The agents
12 allegedly broke the front door of plaintiff's home, "ransacked" the
13 interior, and used tear gas in the home while the plaintiff and her
14 minor children were present.  The plaintiff alleges that during the
15 search "certain racial epithets were directed towards plaintiff .
16 . . and certain gestures generally known to be racist in nature
17 were also directed towards said plaintiff . . . ."

18 The plaintiff alleges that she and her children suffered
19 emotional distress as a result of the defendants' acts. She seeks
20 monetary damages, attorney fees, and costs.

21 ### II. STANDARDS
22 **A.  Standard for Dismissal Pursuant to Federal Rule of Civil**
23 **Procedure 12(b)(6)**

24

25     [2]The plaintiff alleges that the defendants' actions violated
the "Civil Rights Act of 1966 (as amended)." The court assumes that
26 this is a reference to 42 U.S.C. section 1983.

On a motion to dismiss, the allegations of the complaint must be accepted as true.  See Cruz v. Beto, 405 U.S. 319, 322 (1972). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  See Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963). Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged. See id.; see also Wheeldin v. Wheeler, 373 U.S. 647, 648 (1963) (inferring fact from allegations of complaint).

In general, the complaint is construed favorably to the pleader.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  The court may not dismiss the complaint if there is a reasonably founded hope that the plaintiff may show a set of facts consistent with the allegations.  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1967-69 (2007).  In spite of the deference the court is bound to pay to the plaintiff's allegations, however, it is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged, or that the defendants have violated the . . . laws in ways that have not been alleged."  Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

**B.   Standard for Motion to Strike Pursuant to Federal Rule of Civil Procedure 12(f)**

Rule 12(f) authorizes the court to order stricken from any pleading "any redundant, immaterial, impertinent, or scandalous

1  matter."  A party may bring on a motion to strike within 20 days

2  after the filing of the pleading under attack.  The court, however,

3  may make appropriate orders to strike under the rule at any time

4  on its own initiative.  Thus, the court may consider and grant an

5  untimely motion to strike where it seems proper to do so.  <u>See</u> 5A

6  Wright and Miller, <u>Federal Practice and Procedure</u>: Civil 2d § 1380.

7      Motions to strike are generally viewed with disfavor, and will

8  usually be denied unless the allegations in the pleading have no

9  possible relation to the controversy, and may cause prejudice to

10 one of the parties. <u>See</u> 5A C. Wright & A. Miller, <u>Federal Practice</u>

11 <u>and Procedure</u>: Civil 2d § 1380;  <u>See</u> <u>also</u> <u>Hanna v. Lane</u>, 610 F.

12 Supp. 32, 34 (N.D. Ill. 1985).  If the court is in doubt as to

13 whether the challenged matter may raise an issue of fact or law,

14 the motion to strike should be denied, leaving an assessment of the

15 sufficiency of the allegations for adjudication on the merits.

16 <u>See</u> 5A Wright & Miller, <u>supra</u>, at § 1380.

17                 **III. ANALYSIS**

18      The plaintiff alleges that the defendant violated her rights

19 under the Fourteenth and Fifteenth Amendments[3] and "the Civil

20 Rights Act of 1966 (as amended)."  As explained below, the

21 defendant's motion to dismiss is granted in part and denied in

22 part. The motion to strike is denied.

23

24

25      [3]The plaintiff concedes in her "response" to the defendant's
26 motion that her claim cannot be brought under the Fifteenth
Amendment. The court dismisses this claim with prejudice.

1    **A.    Motion to Dismiss**

2        **1.    Plaintiff's    Allegations    Under    the    Fourteenth**

3            **Amendment**

4        Drawing every inference in favor of the plaintiff, the

5    plaintiff appears to allege that the defendant violated her rights

6    under the equal protection clause of the Fourteenth Amendment. She

7    alleges that the defendants' actions were "racially motived," which

8    may be read to allege that the defendant acted with a invidious

9    purpose and discriminated against the plaintiff based on her

10   membership in a definable class. See City of Cleburne v. Cleburne

11   Living Center, 473 U.S. 432, 439 (1985); McLaughlin v. State of

12   Florida, 379 U.S. 184, 191 (1964). The facts she pleads to

13   substantiate her claim are that "during the course of the events

14   described [in the complaint], certain racial epithets were directed

15   towards plaintiff . . . and certain gestures generally known to be

16   racist in nature were also directed towards said plaintiff . . .

17   ." This suffices to provide the defendant fair notice of the nature

18   of the claim and the legal grounds upon which it rests. At the

19   pleading stage, no more is required. See Bell Atlantic Corp., 127

20   S.Ct. at 1965 fn. 3. The defendant's motion to dismiss this claim

21   on the basis that plaintiff's claim fails to allege a cognizable

22   claim is therefore denied.

23       **2.    Excessive Force**

24       The plaintiff does not allege a claim under section 1983 for

25   excessive force. Such a claim is properly characterized as

26   implicating the Fourth Amendment, not the due process clause of

1  Fourteenth Amendment. <u>Graham v. Connor</u>, 490 U.S. 386, 394 (1989).

2  The plaintiff, however, has not pled her claim as implicating her

3  Fourth Amendment rights. If she intended to do so, her claim is

4  inadequately pled.

5      In order to state a claim against a municipal entity, the

6  plaintiff must allege that an action pursuant to an official policy

7  or a custom of the municipality causes the plaintiff's injury.

8  <u>Monell v. Dep't of Social Services</u>, 436 U.S. 658, 691-92 (1978).

9  A municipality is not liable under section 1983 simply on a theory

10 of <i>respondeat superior</i>. <u>Id.</u> A plaintiff must plead facts that

11 support the existence of a custom or official policy that caused

12 the violation of the plaintiff's rights. <u>Kelson v. Springfield</u>, 767

13 F.2d 651, 656 (9th Cir. 1985). Because the plaintiff has not done

14 so, her cause of action under section 1983 must be dismissed.

15      **B.    Motion to Strike**

16      The defendant City of Richmond moves to strike all of the

17 plaintiff's claims. Federal Rule of Civil Procedure 12(f)

18 authorizes the court to strike from any pleading "any redundant,

19 immaterial, impertinent, or scandalous matter." Fed. R. Civ. P.

20 12(f). Motions to strike are viewed with disfavor, and will usually

21 be denied unless the allegations in the pleading have no possible

22 relation to the controversy, and may cause prejudice to one of the

23 parties. <u>See</u> 5A C. Wright & A. Miller, <u>Federal Practice and</u>

24 <u>Procedure</u>, § 1380 (3d ed. 2004).

25      The defendant has failed to show that the plaintiff's claims

26 have no possible relation to the controversy and may prejudice the

1 parties, or that they contain "redundant, immaterial, impertinent,

2 or scandalous matter." As described above, the plaintiff's

3 Fourteenth Amendment claim states a valid cause of action against

4 the defendant. Moreover, because the plaintiff's section 1983 claim

5 is dismissed with leave to amend, it is premature to strike this

6 claim without having permitted the plaintiff to clarify the factual

7 and legal basis for this claim. The defendant's motion to strike

8 is denied.

9 **IV. CONCLUSION**

10    For the reasons provided herein, the defendant's motion to

11 dismiss premised on a failure to allege a policy or custom of the

12 defendant is GRANTED. The motion to strike is DENIED. The plaintiff

13 is given thirty days to file an amended complaint.

14    IT IS SO ORDERED.

15    DATED:  November 16, 2007.

16

17

18                          LAWRENCE K. KARLTON

19                          SENIOR JUDGE
                            UNITED STATES DISTRICT COURT

20

21

22

23

24

25

26